1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

16   BOBBY JAMES WILLIAMS,                         CV F   05-1045 OWW SMS P

17                          Plaintiff,

                                                  ORDER DISMISSING COMPLAINT WITH
18        v.                                      LEAVE TO AMEND (Doc.   )

19                                                ORDER DIRECTING CLERK OF COURT TO
     GALAZA, et. al.,                             SEND PLAINTIFF BLANK CIVIL RIGHTS
20                                                FORM

                         Defendants.
21   _____/

22
          Bobby James Williams ("Plaintiff") is a state prisoner proceeding pro se and in forma
23
     pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the instant action
24
     in the U.S. District Court for the Northern District of California on July 28, 2005.  The case was
25
     transferred and received in this Court on August 15, 2005.  Plaintiff names Wardens Galaza and
26
     Campbell, Correctional Officers Barberick, Isaac, Lee, Ruiz, Hill, Peters, Contras, and Dr. T.
27
     Baca as Defendants.
28

1

1    **A.  SCREENING STANDARD**

2          The court is required to screen complaints brought by  prisoners seeking relief against a

3    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

4    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

5    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

6    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

7    "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

8    dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

9    claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

10         A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

11   which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

12   support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,

13   467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.

14   Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

15   complaint under this standard, the court must accept as true the allegations of the complaint in

16   question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

17   pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

18   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

19   **B.  SUMMARY OF COMPLAINT**

20         Plaintiff states that Defendant Barberick informed him that he had received confidential

21   information that Plaintiff had attacked another inmate.  Dr. Baca, a psychologist, ordered

22   Plaintiff the wrong medication which affected his thinking and so he could not finish his appeal.

23   Plaintiff states "she was hurting me" and has "quit working for Corcoran."  Plaintiff states that he

24   had all of his medication taken and is requesting $400,000 for "messing up my mind."

25         Plaintiff also alleges that Correctional Officer Hill at Corcoran flashed a light in his cell,

26   harassed him and acted like Plaintiff was up to something.  Plaintiff seeks monetary damages for

27   "harassment."

28         Plaintiff contends that Officer Peters at Corcoran and Officer Barberick searched Plaintiff

2

1  because another officer told them Plaintiff was doing drugs.  Plaintiff stats he was made to stand

2  on the hot black pavement with no shoes along with Officer Barberick.

3      Plaintiff argues that he was told by Officer Isaac at Corcoran to drop his inmate grievance

4  against prison staff in a threatening voice.  Plaintiff is thus, seeking monetary damages.

5      Correctional Officer Lee at Corcoran was the control booth officer who told staff that

6  Plaintiff was using drugs.  Plaintiff states that his cell was searched and his personal items,

7  including legal work, were "thrown around."

8      Plaintiff alleges that Defndant Ruiz at Corcoran "acted on a lie" of Officer Lee by stating

9  to Plaintiff "I don't know where your [sic] from but I'm not having it."   Plaintiff had no idea

10  what he was talking about.  Plaintiff sates that Defendant Ruiz was his building officer and gave

11  him a great many problems.

12  **C.  CLAIMS FOR RELIEF**

13      It is unclear to the Court what constitutional allegations Plaintiff is attempting to make.

14  Given the facts alleged the Court will provide Plaintiff with what may or may not be the relevant

15  law.

16      ***1.  Linkage Requirement***

17      The Civil Rights Act under which this action was filed provides:

18      Every person who, under color of [state law] . . . subjects, or causes
    to be subjected, any citizen of the United States . . . to the
19      deprivation of any rights, privileges, or immunities secured by the
    Constitution . . . shall be liable to the party injured in an action at
20      law, suit in equity, or other proper proceeding for redress.

21  42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between

22  the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

23  Monell v.  Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

24  (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a

25  constitutional right, within the meaning of section 1983, if he does an affirmative act, participates

26  in another's affirmative acts or omits to perform an act which he is legally required to do that

27  causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th

28  Cir. 1978).  In order to state a claim for relief under section 1983, the plaintiff must link each

1   named defendant with some affirmative act or omission that demonstrates a violation of

2   plaintiff's federal rights.

3        ***2. Denial of Medication***

4        A prisoner's claim of inadequate medical care does not constitute cruel and unusual

5   punishment unless the mistreatment rises to the level of "deliberate indifference to serious

6   medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference"

7   standard involves an objective and a subjective prong. First, the alleged deprivation must be, in

8   objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing

9   Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a

10  "sufficiently culpable state of mind," which entails more than mere negligence, but less than

11  conduct undertaken for the very purpose of causing harm. Farmer v. Brennan, 511 U.S. at 837.

12  A prison official does not act in a deliberately indifferent manner unless the official "knows of

13  and disregards an excessive risk to inmate health or safety." Id.

14       ***3. Standing on Pavement***

15       "What is necessary to show sufficient harm for purposes of the Cruel and Unusual

16  Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8

17  (1992). "The objective component of an Eighth Amendment claim is . . . contextual and

18  responsive to contemporary standards of decency." Id. (quotations and citations omitted).

19  "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-

20  confinement claim," and "deliberate indifference to medical needs" violates the Eighth

21  Amendment "only if those needs are 'serious.'" Id. at 9 (citation omitted). With respect to these

22  types of claims, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay

23  for their offenses against society, only those deprivations denying the minimal civilized measure

24  of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation."

25  Id. at 9 (quotations and citations omitted).

26       In this case, Plaintiff provides insufficient facts to state a claim for relief under the Eighth

27  Amendment for his having to stand on the hot pavement. Plaintiff does not state who made him

28  do this nor does he provide any specific information as to the length of time he was there or the

1   other circumstances surrounding this event.  As such, Plaintiff does not state a claim for relief.

2        *4. Retaliation*

3        An allegation of retaliation against a prisoner's First Amendment right to file a prison

4   grievance is sufficient to support a claim under Section 1983.  Bruce v. Ylst, 351 F.3d 1283,

5   1288 (9th Cir. 2003.   "Within the prison context, a viable claim of First Amendment retaliation

6   entails five elements: (1) An assertion that a state actor took some adverse action against an

7   inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the

8   inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a

9   legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir.2005) (*citations*

10   *omitted*).

11        Here, Plaintiff only alleges facts that he was told to drop his grievance.  Plaintiff provides

12   no other facts surrounding these events to aid the Court in determining whether he states a

13   cognizable claim of retaliation.

14        *5. Miscellaneous Allegations*

15        As stated above, it is difficult for the Court to determine the exact nature of Plaintiff's

16   claims for relief.  The Civil Rights Act remedies federal constitutional violations.  As such,

17   general allegations that one officer told another that Plaintiff was doing drugs, that his cell was

18   searched or that his mind was "messed up" do not state constitutional violations.  In addition,

19   verbal harassment or threats are insufficient to state a constitutional deprivation under 42 U.S.C.

20   § 1983.  Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987)(verbal harassment); Gaut v.

21   Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (threats).

22        *6. Evidence and Exhibits*

23        Plaintiff is also informed that it is inappropriate to attach exhibits to a complaint.  See

24   Rule 8, Federal Rules of Civil Procedure.  Here, Plaintiff provides one hundred thirty eight (138)

25   pages of which, only 5 of them are the Complaint.  The Court cannot serve as a repository for the

26   parties' evidence.  Originals or copies of evidence (i.e., prison or medical records, witness

27   affidavits, etc.) should not be submitted until the course of litigation brings the evidence into

28   question (for example, on a motion for summary judgment, at trial, or when requested by the

1  court).

2  **D.  CONCLUSION**

3      The Court finds that Plaintiff's complaint does not contain any claims upon which relief

4  can be granted under § 1983 against any of the Defendants.  The Court will provide Plaintiff with

5  time to file an Amended Complaint curing the deficiencies identified above should he wish to do

6  so.

7      Plaintiff must demonstrate in the Amended Complaint how the conditions complained of

8  resulted in a deprivation of his constitutional rights.  <u>See</u>, <u>Ellis v.  Cassidy</u>, 625 F.2d 227 (9th Cir.

9  1980).  The Amended Complaint must specifically state how each Defendant is involved.

10  Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

11  connection between a defendant's actions and the claimed deprivation.  <u>Rizzo v.  Goode</u>, 423,

12  U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir.  1980); <u>Johnson v.  Duffy</u>, 588

13  F.2d 740, 743 (9th Cir.  1978).

14      Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint

15  be complete in itself without reference to any prior pleading or to exhibits.  As a general rule, an

16  Amended Complaint supersedes the original complaint.  <u>See</u> <u>Loux v.  Rhay</u>, 375 F.2d 55, 57 (9th

17  Cir. 1967).  Once an Amended Complaint is filed, the original Complaint no longer serves any

18  function in the case.  Therefore, in an Amended Complaint, as in an original Complaint, each

19  claim and the involvement of each defendant must be sufficiently alleged.  The Amended

20  Complaint should be clearly and boldly titled "AMENDED COMPLAINT," reference the

21  appropriate case number, and be an original signed under penalty of perjury.

22  **E.  ORDER**

23      The Court HEREBY ORDERS:

24      1.      The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights

25              complaint form;

26      2.      The Complaint is DISMISSED with leave to amend.  WITHIN THIRTY (30) days

27              from the date of service of this order, Plaintiff SHALL:

28              a.      File an Amended Complaint curing the deficiencies identified by the Court

1      in this Order, or

2              b.      Notify the Court in writing that he does not wish to file an Amended

3                      Complaint and pursue the action but instead wishes to voluntary dismiss

4                      the case. <u>See</u>, Fed.R.Civ.P. 41(a)(1).

5          Plaintiff is forewarned that his failure to comply with this Order may result in a

6   Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110.

7

8   IT IS SO ORDERED.

9   **Dated:    November 1, 2006**                    /s/ Sandra M. Snyder
    icido3                                   UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28